UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA,

        Plaintiff,

v.                    CIVIL ACTION NO. 2:23-cv-00435

THE SUM OF $12,475.00 IN UNITED STATES CURRENCY

        Defendant.

Dashounieque Lashay Wright

**VERIFIED COMPLAINT OF FORFEITURE**

Comes now, the United States of America ("Plaintiff"), by and through its attorneys, William S. Thompson, United States Attorney for the Southern District of West Virginia, and Christopher R. Arthur, Assistant United States Attorney for the Southern District of West Virginia, and respectfully brings this Verified Complaint and alleges as follows in accordance with Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions:

**NATURE OF THE ACTION**

1. This is a civil action *in rem* brought on behalf of the United States of America, pursuant to 18 U.S.C. § 983(a), to

1

enforce the provisions of 21 U.S.C. § 881(a)(6), for the forfeiture of a certain sum of currency constituting proceeds of, or which was used or intended to be used in any manner or part to commit or to facilitate the commission of one or more violations of the Controlled Substances Act, 21 U.S.C. §§ 801 et seq.

## THE DEFENDANT IN REM AND POTENTIAL INTERESTED PARTIES

2. The defendant property consists of $12,475.00, more or less, in United States Currency ("defendant currency"). The defendant currency was seized on or about November 28, 2022.

3. The defendant currency is being forfeited under 21 U.S.C. § 881(a)(6) in violation of 21 U.S.C. § 841.

4. The defendant currency is in the custody of the United States Marshal.

## JURISDICTION AND VENUE

5. Plaintiff brings this action in rem in its own right to forfeit and condemn the defendant currency. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

6. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A), because the acts or omissions giving rise to the forfeiture occurred in this district.

7. Upon the filing of this verified complaint, the plaintiff requests that the Clerk of this Court issue an arrest warrant in rem pursuant to Supplemental Rule G(3)(b)(i), which the plaintiff will execute upon the seized defendant currency in the custody of the United States Marshal Service, pursuant to Supplemental Rule G(3)(c).

## FACTS

8. On November 8, 2022, the Court authorized the interception of wire and electronic communications over a telephone used by Alexandria Estep ("Estep").

9. Estep's communications revealed that she used cellular devices to distribute and facilitate the distribution of methamphetamine.

10. Estep's intercepted calls also revealed she relied on Dashounieque Lashay Wright ("Wright") as a courier to deliver a large quantity of methamphetamine.

11. On November 28, 2022, the Metropolitan Drug Enforcement Network Team ("law enforcement") listened to a call where Estep confirmed the delivery of three to four pounds of methamphetamine and negotiated a price of $1,800 cash per pound.

12. On November 29, 2022, law enforcement intercepted another call from Estep where she disclosed that the individuals

delivering the methamphetamine are 4 minutes away and are driving a silver Mazda SUV ("vehicle"). Estep further confirmed the location of the delivery as her residence at 1508 Lewis Street, Charleston, West Virginia.

13. On November 29, 2022, law enforcement also intercepted Estep calling Wright where Estep confirmed with Wright the status of the delivery during the following exchange:

Wright: Lewis Street right?

Estep: Yeah. Hell yeah. It's, uh. .It's a white house on the left. Police cars on the other side. It's a lil' police station right, right there . . . .

Wright: Okay, bet. I'm in the, uh, silver Mazda.

14. As described in the intercepted calls, law enforcement noticed the vehicle arriving at Estep's residence on Lewis Street on November 29, 2022.

15. After the vehicle left Estep's residence, law enforcement followed the vehicle and observed it violate West Virginia traffic laws.

16. Law enforcement stopped the vehicle.

17. Due to the information obtained from the intercepted calls, law enforcement also deployed a certified narcotics canine

4

("K-9") to conduct an exterior sniff of the vehicle for the presence of illegal controlled substances.

18. The K-9 gave an indication to the odor of illegal narcotics.

19. Law enforcement searched the vehicle and recovered the following:

   i.   507 grams of substance in a vacuum sealed package;
   ii.  458 grams of substance in a vacuum sealed package;
   iii. 460 grams of substance in a vacuum sealed package;
   iv.  458 grams of substance in a vacuum sealed package;
   v.   458 grams of substance in a vacuum sealed package; and
   vi.  453 grams of substance in a vacuum sealed package.

20. The Mid-Atlantic Laboratory confirmed the substance as methamphetamine and determined the weight as 2,729 grams.

21. Law enforcement also seized in the vehicle the defendant currency.

22. Wright acknowledged the defendant currency belonged to her and law enforcement provided her a copy of a notice of forfeiture.

23. Wright possessed the defendant currency because the defendant currency relates to the drug proceeds of selling methamphetamine in this transaction.

24. For the foregoing reasons, the defendant currency is forfeitable to the United States, pursuant to 21 U.S.C. § 881(a)(6), because it constitutes proceeds of the illegal sale of controlled substances, specifically methamphetamine, a Schedule II controlled substance.

WHEREFORE, the United States prays that process of warrant in rem issue for the arrest of the defendant currency; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the defendant currency be forfeited to the United States for disposition according to law; and that the United States be granted such other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Respectfully submitted,

WILLIAM S. THOMPSON
United States Attorney


By: /s/Christopher R. Arthur
CHRISTOPHER R. ARTHUR
Assistant United States Attorney
W.Va. Bar No. 9192
300 Virginia Street, East, 4000
Charleston, WV  25301
Telephone No. 304-345-2200

**VERIFICATION**

STATE OF WEST VIRGINIA

COUNTY OF KANAWHA, TO-WIT:

I, Jennifer King, Federal Bureau Investigation, declare under penalty of perjury as provided by 28 U.S.C. § 1746, the following:

That the foregoing Complaint for Forfeiture in rem is based upon reports and information I personally have prepared or gathered and which have been provided to me by various law enforcement personnel, and that everything contained therein is true and correct to the best of my knowledge and belief, except where stated to be upon information and belief, in which case I believe it to be true.

Executed on June 7, 2023.

JENNIFER KING

Taken, subscribed and sworn to before me this 7th day of June, 2023.

OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
Evaline Bennett Cooper
1690 Carey Place, Charleston, WV 25314
My Commission Expires April 30, 2026

Evaline Bennett Cooper

Notary Public

My commission expires on April 30, 2026.